IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:07-CR-120 |
| | ) | (Phillips / Guyton) |
| ANGEL CONTRERAS, | ) | |
| GERARDO MORA LOPEZ, | ) | |
| SPENCER WHITE, | ) | |
| TRAVIS HICKSON, and | ) | |
| LINDSEY ROBERTS | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on November 16, 2007, for a hearing on a series of motions to extend the deadlines in this case, as follows:

    1. United States' Motion for Extension of Time Within Which to provide Discovery [Doc. 32];

    2. Spencer White's Motion for Extension of Time to File [Doc. 47];

    3. Angel Contreras' Motion to Continue (Deadline) [Doc. 48];

    4. Gerardo Lopez' Motion to Continue Motion Deadline [Doc. 46];

    5. Travis Hickson's Motion to Extend Cut-Off Date [Doc. 49]; also submitted as Motion for Extension of Time to File Motions [Doc. 50].

Assistant United States Attorneys Tracee Plowell and David Jennings were present on behalf of the government. Attorney Boyd Venable was present with his client, Angel Contreras. Attorney Jonathan Moffatt was present with his client Gerardo Lopez. Attorney Rowland Cowden was present with his client Spencer White. Attorney Dennis Francis was present with his client Lindsey Roberts. Attorney Michael Coleman was present on behalf of Travis Hickson who was not present. Attorney Coleman stated that he has not had an opportunity to consult with his client regarding these matters as Mr. Hickson fled the jurisdiction shortly after his initial appearance on this indictment. It was the understanding of the parties that Mr. Hickson was apprehended shortly thereafter and is in custody in Mississippi awaiting transport to the Eastern District of Tennessee.

At the start of the hearing Attorney Moffatt made an oral motion to continue the trial date, currently set for November 26, 2007. Attorney Moffatt represented that his motion was joined by all other counsel, which they confirmed in turn. In support of their request for continuance, Attorney Moffatt cited the great volume of discovery present in this case, to include several CDs of audio recordings of telephone calls. In connection with these recorded calls are a number of wiretap orders and their underlying affidavits in support. Attorney Moffatt stated that his factual investigation, to include simply listening to the many recordings made over the course of months, is ongoing. Attorney Moffatt stated that he will require approximately one month to complete his review of discovery and conduct a preliminary assessment of pretrial motions. Attorney Venable, Attorney Francis and Attorney Cowden agreed. Attorney Coleman stated that he will require at least two months to complete these preparations, given the general time estimate provided by authorities for Mr. Hickson's transport to the jurisdiction. The attorneys stated that after a complete review of the materials received in discovery, they will need time to review the material with the defendants and

2

identify any appropriate motions to be filed. A reasonable time will be necessary to prepare and file the motions.

AUSA Jennings stated the government did not oppose a trial continuance. The United States also observed that another person, Jennifer Hickson, has been charged in the Superseding Indictment, filed October 16, 2007, [Doc. 38].[1] Jennifer Hickson has been apprehended, reportedly also in Mississippi, but has not yet appeared before the Court and currently has no counsel in this matter.

Aside from Attorney Coleman, each attorney stated that they have met with their respective clients and have discussed the necessity of continuing the trial date. Upon inquiry by the Court, defendants Contreras, Lopez, and White individually agreed with the request to continue the trial date. Attorney Venable, Attorney Francis, Attorney Cowden, and Attorney Moffatt confirmed that each of their respective clients understand that they will remain in custody pending a new trial date. The defendants all indicated their understanding when questioned by the Court collectively.

The Court finds that the request for a continuance of the November 26, 2007, trial date is well-taken and that the ends of justice served by granting the motion outweigh the best interest of the public and the defendants in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court finds that defense counsel have not had enough time to review the discovery and complete a factual investigation. Further, the these may necessitate additional pretrial motions and that this fact alone necessitates a continuance. The Court finds that failure to grant a continuance would deprive these defendants of the ability to pursue issues which may be identified with proper preparation.

---

[1]This case remains sealed as to yet another defendant who has not yet been apprehended, proceedings as to all other defendants are being conducted pursuant to the Redacted Superseding Indictment [Doc. 39].

If pretrial motions are filed, the United States will need a reasonable time to respond and the parties will need time to prepare for an evidentiary hearing. Further, the Court will require time for the hearing to be conducted and the Court will then need time to adequately review the motions and to issue an Order or a Report and Recommendation to the District Court. After such ruling, either party will have 10 days to register an objection with the District Court. Should such an objection be made, the District Court will require a meaningful period of time to review the record and the issues presented. The Court further observes that all this could not be accomplished before the trial date of November 26, 2007.

All attorneys present, on behalf of their respective clients, stated their belief that all the time between the date of the hearing, and the new date of the trial is excludable from the operation of the Speedy Trial Act. Defense counsel agreed that the need to complete review of extensive discovery material, conduct a factual investigation, identify any available defense, and assess the need for pretrial motions the interests of the defendants and the public in a speedy trial.

AUSA Jennings and AUSA Plowell agreed that the time between the date of the hearing, and the new date of the trial is properly excludable from the operation of the Speedy Trial Act and that the need for a proper review of the discovery materials, and resolution of anticipated pretrial motions outweigh the interests of the defendants and the public in a speedy trial.

The Court agrees with the parties that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). Given the approaching November 26, 2007, trial date, the Court finds that the failure to grant a continuance would deprive these defendants of the time to review discovery material and to pursue pretrial motions before this Court. See 18 U.S.C. § 3161(h)(1)(F) and (J). Following any

ruling thereon, the parties need time to file any objections and the District Court will need time to rule upon any conclusions of this Court and objections. Finally, the parties will need time to prepare for trial in light of the ruling on pretrial issues. The Court finds that all of this could not take place before the November 26, 2007, trial date or in less than five months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

The United States has also made a request to extend by one day the deadline previously established for the government to provide discovery materials. [Doc. 32]. In support of the brief extension, the government described the nature and extent of the material to be collected and disclosed. The Court observes that on the requested date, the government filed an extensive Pretrial Discovery Notice [Doc. 33] detailing some 47 categories of information provided in discovery. The Court finds that good cause was shown to extend the deadline for providing discovery in this case. The United States Motion for Extension of Time Within Which to Provide Discovery [Doc. 32] is GRANTED. Accordingly, all material disclosed on or before October 12, 2007, is deemed timely.

Accordingly, it is ORDERED:

> 1. The joint oral motion to continue the trial date is **GRANTED**.
>
> 2. United States' Motion for Extension of Time Within Which to Provide Discovery **[Doc. 32]** is **GRANTED**.
>
> 3. Spencer White's Motion for Extension of Time to File **[Doc. 47]** is **GRANTED**.
>
> 4. Angel Contreras' Motion to Continue (Deadline) **[Doc. 48]** is **GRANTED**.

5. Gerardo Lopez' Motion to Continue Motion Deadline **[Doc. 46]** is **GRANTED**.

6. Travis Hickson's Motion to Extend Cut-Off Date **[Doc. 49]**; also submitted as Motion for Extension of Time to File Motions **[Doc. 50]** are **GRANTED.**

7. The trial of this matter is reset to commence on **April 15, 2008, at 9:00 a.m.** before the Honorable Thomas W. Phillips, United States District Judge.

8. Pretrial motions shall be filed on or before **January 25, 2008.**

9. Responses to these motions shall be filed on or before **February 9, 2008.**

10. This Court will conduct a Pretrial Conference on **April 8, 2008, at 9:30 a.m.**

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge