UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-120 |
| | ) | (Phillips / Guyton) |
| ANGEL CONTRERAS | ) | |

MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This matter is before the Court on Defendant Angel Contreras' Motion for Bill of Particulars [Doc. 54]. The United States has responded in opposition at [Doc. 56].

**I: POSITION OF THE DEFENDANT**

In his Motion For Bill of Particulars [Doc. 54], Mr. Contreras moves the Court to order the government to provide a bill of particulars more clearly identifying a variety of details regarding the nature and circumstances of the criminal conduct alleged in the indictment. Mr. Contreras is named with five other defendants in the redacted indictment, which includes the redacted name(s) of other person(s) charged by the grand jury. [Doc. 39]. Mr. Contreras is charged in the first count and the fourth count of the four-count indictment. In the first count, Mr. Contreras is charged with participation in a heroine distribution conspiracy over the course of seven months. The fourth count charges a parallel count of money laundering. There was also a criminal complaint originally filed in this case at [Doc. 1] which includes a five-page affidavit by Matthew Eldridge of the Drug Enforcement Agency. More than three pages of that document describe the

investigation leading to the arrest of some alleged co-conspirators. [Doc. 1-2].

Paraphrasing his request, Mr. Contreras seeks particularity as to: the basis and manner and means, including the date, place, time, and names of other known persons, other than the named co-defendants, that Mr. Contreras allegedly "conspired, confederated and agreed" with in the conspiracies alleged in count one and count four; any overt criminal acts, or other crimes, committed in furtherance of count one or count four.

Mr. Contreras argues that without further information about the government's allegations, he does not have the appropriate information necessary to prepare his defense and will be subject to unfair surprise at trial. Mr. Contreras relies upon Federal Rules of Criminal Procedure, Rule 7(f) and discussion of caselaw presented in his supporting memorandum at [Doc. 55].

## II: POSITION OF THE UNITED STATES

The government responds that the indictment is adequate to provide notice of the nature of the charges, which is all that is required. [Doc. 56]. The government argues that Mr. Contreras' requests seek to discover details of the government's case and evidence that go beyond that to which he is entitled. The government argues that, "[w]hile the defendant is entitled to the pretrial details of the <u>charges</u> against him, he is not entitled to details of the <u>evidence</u> against him beyond the provisions of the rules of discovery." [Doc. 56 at 3] (emphasis in original). It is the government's position that the instant motion seeks discovery of the evidence against Mr. Contreras.

## III: ANALYSIS

The Federal Rules of Criminal Procedure provide broad authority for the Court to order the government to provide a bill of particulars when warranted. Rule 7(f) reads:

2

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f).

However, the rules do not delineate under what circumstances it is appropriate for the Court to order such remedy. The Sixth Circuit has had occasion to address this issue a number of times and has provided ample guidance for lower courts. "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted). The granting of a bill of particulars is within the court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other grounds by statute, United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

### A. Co-Conspirators

Mr. Contreras seeks information about, and the identities of, any co-conspirators with whom he is alleged to have interacted, including his relationship to such person. The Sixth Circuit has held that "the Government is not required to furnish the name of all other co-conspirators in a bill of particulars." United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004), cert. denied, 542 U.S. 910

3

(2004). Furthermore, "a defendant is not entitled to a list of the names and addresses of the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993). Accordingly, the government is not required to produce the names of any unindicted co-conspirators or other witnesses present when the defendants participated in the overt acts of the conspiracy, to include the name(s) redacted in the indictment provided to Mr. Contreras.

B. Dates of Defendant's Involvement in Conspiracy

The Sixth Circuit has approved the providing of dates that a defendant is alleged to have conspired. See, e.g., United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991) (observing that the defendant knew the relevant dates in holding that he was not entitled to know the names of co-conspirators); United States v. Fears, 450 F. Supp. 249, 251 (E.D. Tenn. 1978) (directing, without further analysis, the government to file a bill of particulars giving the date and approximate hour the defendant allegedly made the telephone call charged in the indictment). On the other hand, the failure to provide the precise date that a defendant joined a conspiracy when the indictment alleged it lasted from "early 1987 to November 17, 1987," was not error because "the indictment was not so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide him with adequate information to prepare a defense." United States v. Hayes, No. 88-5967, 1989 WL 105938, at * 3 (6th Cir. Sept. 14, 1989), cert. denied, 493 U.S. 1030 (1990).

This indictment alleges that the conspiracy in this case existed from February 2007 to approximately September 2007. If Mr. Contreras' alleged involvement in the conspiracy was a time period shorter than the entire conspiracy, the Court finds that the government shall provide more specific dates as to the participation of Mr. Contreras.

### C. Nature and Location of Defendant's Conduct

Mr. Contreras' request includes the precise nature of the conduct alleged by the government, the location of such conduct; and Mr. Contreras' relationship with persons purportedly involved in this conduct. The Sixth Circuit rule is that "a defendant is not entitled to discover all the overt acts that might be proven at trial." <u>Salisbury</u>, 983 F.2d at 1375. The Court has ordered a more precise statement of the dates of his involvement. Accordingly, the Court finds that the defendant is not entitled to a bill of particulars regarding the precise nature of the alleged overt acts of the conspiracy, to include their location beyond that specified in the indictment nor the nature of the relationship(s) of the participants.

### IV: CONCLUSION

The Court finds that the indictment as a whole sufficiently apprises Mr. Contreras of the charges that he is facing to permit him to prepare his defense, to avoid surprise at trial, and to protect against a double jeopardy violation. Mr. Contreras' Motion for a Bill of Particulars **[Doc. 54]** is **GRANTED** to the extent set forth herein at §B as to the dates of his involvement in the conspiracy and **DENIED** as to the remainder of the relief sought by defendant.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge