UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-120 |
| | ) | (Phillips) |
| GERADO MORA LOPEZ | ) | |

## MEMORANDUM AND ORDER

On June 24, 2008, the Honorable H. Bruce Guyton, United States Magistrate Judge, filed an 11-page Report and Recommendation (R&R) [Doc. 115] in which he recommended that defendant's motion to suppress evidence on the ground of lack of probable cause to issue search warrant and motion to suppress fruits of wiretaps [Docs. 72, 73] be denied.

This matter is presently before the court on defendant's timely objections to the R&R [Doc. 116]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in agreement with Judge Guyton's thorough analysis of the legal issues arising from the hearing conducted by him on May 28, 2008. Consequently, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motions to suppress will be denied.

Defendant argues that the court-authorized wire interceptions commencing on August 27, 2007, where not necessary since normal investigative techniques were successful. After a review of the affidavit submitted in support of the application, I concur with Magistrate Judge Guyton's finding that the affidavit set forth specific and particular information demonstrating that other investigative techniques had been employed but had failed and why other investigative techniques were either unlikely to succeed or too dangerous to employ. As pointed out by the government, it is not required to "prove that every other conceivable method has been tried and failed, or that all avenues of investigation have been exhausted." *United States v. Alfano,* 838 F.2d 158, 161 (6th Cir. 1988). Accordingly, defendant's objection is overruled.

Defendant next objects to Magistrate Judge Guyton's finding that the search warrant was insufficient for the issuing judge to have found probable cause. However, after reviewing the search warrant, I conclude, as did Magistrate Judge Guyton, that the face of the affidavit set forth probable cause to believe that evidence of criminal activity would be found in the motel room. Defendant's argument that there was no nexus between the location searched, the motel room, and the evidence sought is without merit. It is well-settled that review of the sufficiency of the evidence supporting probable cause to issue a search warrant is "limited to the information presented in the four-corners of the affidavit." *United States v. Laughton,* 409 F.3d 744, 752 (6th Cir. 2004). Accordingly, defendant's objection is overruled.

Last, defendant seeks an evidentiary hearing on the motion to suppress. Defendant has no basis for an evidentiary hearing as the court's review of the affidavit is limited to the document itself. *Whiteley, id.* Accordingly, defendant's request for an evidentiary hearing is denied.

For the foregoing reasons, as well as the reasons articulated by Magistrate Judge Guyton in his R&R, defendant's objections to the R&R [Doc. 116] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 115] is **ACCEPTED IN WHOLE.** Accordingly, defendant's motion to suppress evidence on the ground of lack of probable cause to issue search warrant and motion to suppress fruits of wiretaps [Docs. 72, 73] are **DENIED**.

**ENTER:**

    s/ Thomas W. Phillips
    United States District Judge

-3-

Case 3:07-cr-00120-TWP-HBG   Document 121   Filed 08/20/08   Page 3 of 3   PageID #: 277